## IN THE UNITED STASTES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

City of El Cenizo, Texas, Mayor Raul L.   §
Reyes of City of El Cenizo, Maverick   §
County, Maverick  County Sheriff   §
Tom Schmerber,   §
Maverick County Constable Pct. 3-1   §
Mario A. Hernandez, and League of United   §
Latin American Citizens,   §
  §
     Plaintiffs,   §
  §
    vs.   §
  §
State of Texas, Governor Greg   §
Abbott (In His Official Capacity), and   §
Texas Attorney General Ken Paxton   §
(In His Official Capacity),   §
  §
     Defendants.   §

**Civil Case No. 5:17-cv-404-OG**

**First Amended Complaint for Declaratory and Injunctive Relief**

## INTRODUCTION

1.     Texas has enacted an extraordinarily punitive immigration law. Senate Bill 4 ("SB 4"), which Governor Abbott signed on May 7, 2017, demands that local governments and their employees engage in a wide swath of immigration enforcement practices.  If they misstep, it threatens them with crippling fines, removal from office, and jail time, all based on amorphous commands nowhere to be found in the federal immigration scheme.  The Constitution does not allow Texas to enact such ill-defined and expansive threats.

1

2.      Law enforcement groups throughout the State strongly opposed the bill.  Its goal is to sow fear, both in immigrant communities and in the local government officials who wish to prioritize local concerns.  As numerous law enforcement officials in Texas explained, mandating that local law enforcement engage in immigration enforcement will harm public safety.  SB 4 will tax scarce local resources and make victims and witnesses less likely to cooperate with criminal investigations.

3.      Local law enforcement officials are also not trained to engage in federal immigration enforcement.  By requiring that they do so anyway, regardless of training and of the judgment and understanding of local law enforcement, SB 4 will subject Texans—citizens and non-citizens alike—to racial and ethnic profiling and unlawful stops and detentions.  Individuals perceived as "foreign" by local law enforcement will be constantly at risk of unlawfully prolonged stops due to burdensome and unwarranted inquiries into their immigration status.  Texans will now be required to carry identification at all times in order to avoid being subjected to unconstitutional practices pursuant to SB 4.

4.      The Plaintiffs therefore ask this Court to enjoin multiple parts of SB 4. For example, the statute's command that local officials not "endorse" any limits on immigration enforcement is a clear viewpoint-based regulation of expression that must be struck down under the First Amendment.  Its sweeping prohibition against

any and all actions that might serve to limit the local resources that are devoted to immigration enforcement is void for vagueness. Its mandate to imprison people at the federal government's request would impermissibly force local officers to act without any regard for the Fourth Amendment. And all of its enforcement provisions are preempted by federal law, because they duplicate, extend beyond, and inject state immigration determinations into Congress's carefully reticulated enforcement scheme. None of these provisions should be allowed to take effect. And, more basically, the statutory commands to local government force them to relinquish the very principle that the state itself proclaims to so zealously protect: not becoming by compulsion an arm of the federal government.

5.    The Plaintiffs are local governments and officials whose liberty and livelihood—along with their basic ability to serve their own constituents—are imperiled by SB 4. They include the City El Cenizo, El Cenizo Mayor Raul L. Reyes, Maverick County, Maverick County Sheriff Tom Schmerber, and Maverick County Constable Mario A. Hernandez. Plaintiff League of United Latin American Citizens ("LULAC") is an organization that serves Latinos throughout Texas, many of whom are threatened by SB 4's dramatic expansion of the State's role in immigration enforcement. The Plaintiffs seek declaratory and injunctive relief against the State of Texas, Texas Governor Greg Abbott, and Texas Attorney General Ken Paxton.

## BACKGROUND

6.      The State of Texas through SB 4 seeks to coerce local authorities into either abandoning (where the local policies already exist) or foregoing establishment of (where local policies are under consideration or may be adopted in the future) policies that regulate when officers can engage in immigration-related activities.  To accomplish this objective, on May 7, 2017, Governor Greg Abbott signed into law SB 4, entitled,

AN ACT

relating to the enforcement by campus police departments and certain local governmental entities of state and federal laws governing immigration and to related duties and liability of certain persons in the criminal justice system; providing a civil penalty; creating a criminal offense.

7.      Among other provisions, SB 4 requires local governmental entities and law enforcement officials to unquestioningly comply with federal immigration detainer requests for people in custody, without meaningful independent local determination or review.   It includes penalties for those whom Texas deems to fall short, including a Class A misdemeanor charge for sheriffs, police chiefs, and constables.  It provides for civil penalties of up to $25,500 per day and removal from office for elected or appointed officials.

8.      Like many other cities and counties in Texas, the City of El Cenizo and Maverick County are communities of immigrants, who are here to live, work, and raise families.  Plaintiffs' communities have determined that they are safer

when all people, including immigrants, feel safe interacting with municipal employees, and when their law enforcement officers can be trusted. Plaintiffs' communities are healthier when all residents, including immigrants, access public health programs, unafraid to seek health care. The State's attempt to force local representatives to enforce federal immigration law breeds distrust of local government and officials, and can also wrench apart family and community structures that support residents and thus conserve local resources. For these reasons, among others, Plaintiffs have, in some circumstances, directed their employees not to actively assist the Federal government in enforcing federal immigration law.

9.    SB 4 is a severe invasion of Plaintiffs' rights as local governments to serve their own constituents, and to refuse federal requests to help administer federal regulatory programs. It also intrudes on federal enforcement discretion, by threatening new state-law consequences for failing to comply with existing federal immigration laws.

10.    The effective date of SB 4 is September 1, 2017. But the consequences it threatens are too severe for Plaintiffs to wait. SB 4 threatens incarceration, removal from office, and civil penalties of up to $25,500 per day for non-compliant officials and employees. Hundreds of thousands of local dollars that support vital services, and hard-won trust and cooperation between law

enforcement and the communities they serve, are imminently a risk. Plaintiffs have no choice but to seek the intervention of this Court to ensure that their rights and residents are protected, and that the State of Texas complies with the United States Constitution and other federal law.

## JURISDICTION AND VENUE

11.   The Court has jurisdiction under 28 U.S.C. §§1331 and 1346(a)(2). The Court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* Venue properly lies within the Western District of Texas, because Plaintiffs reside in this judicial district and a substantial part of the events or omissions giving rise to this action occurred or will occur in this District and this division of the District. 28 U.S.C. §§124(d)(4) and 1391(c)(d).

## PARTIES

12.   Plaintiff City of El Cenizo is a municipal corporation organized under the laws of the State of Texas, and is located in Webb County, Texas. Raul L. Reyes is the duly elected Mayor of El Cenizo.

13.   Plaintiffs Sheriff Tom Schmerber and Constable Mario A. Hernandez are duly elected public law enforcement officers of Maverick County, Texas.

14.   Plaintiff LULAC is the oldest and largest national Latino civil rights organization in the United States. LULAC is a non-profit organization with a presence in most of the fifty states and Puerto Rico. LULAC has chapters in most

counties in Texas, with individual members located throughout the Western District of Texas, including in San Antonio. LULAC has long been active in representing Latino and other minority interests in Texas. SB 4 will harm both LULAC and its members.

15. Defendant State of Texas is responsible for the actions of its officials with regard to state-wide enforcement of its laws and regulations.

16. Defendant Greg Abbott is the duly elected Governor of the State of Texas. Governor Abbott is sued in his official capacity.

17. Defendant Ken Paxton is the duly elected Attorney General of the State of Texas responsible for the enforcement of SB 4. General Paxton is sued in his official capacity.

## FACTUAL ALLEGATIONS

18. The City of El Cenizo and Maverick County are located on the border with Mexico. Both localities have chosen to adopt policies that limit their entanglement with immigration enforcement.

19. Importantly, these local government policies do not protect criminals or prevent people from being prosecuted for illegal acts.

20. The federal government frequently sends detainer requests to local law enforcement agencies. These detainers advise the agency that "the Department [of Homeland Security] seeks custody of an alien presently in the custody of that

agency, for the purpose of arresting and removing the alien," and they request that the agency "maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department." 8 C.F.R. § 287.7(d).

21.   A detainer request issued under this section is distinct from a criminal warrant, which Plaintiffs honor.  A civil immigration detainer request is not issued by a judge.  It is simply a request by ICE that a state or local law enforcement agency hold individuals *after* their release dates to provide ICE agents extra time to investigate the person's deportability or to take custody.

22.   Complying with such a detainer request requires committing scarce law enforcement personnel and resources to track and respond to requests, detain individuals in holding cells, and supervise and feed individuals during the prolonged detention.

23.   On May 7, 2017, Governor Greg Abbott signed into law SB 4.  The Governor announced in a Facebook live stream that the law was designed to end sanctuary policies and would require local law enforcement officers to enforce immigration federal laws or be subjected to both criminal and civil penalties.

24.   Two sets of provisions in SB 4 are primarily at issue in this lawsuit. First, SB 4 mandates that local officials comply with every single "immigration detainer request," defined as any "federal government request to a local entity to

maintain temporary custody of an alien, including a United States Department of Homeland Security Form I-247 document or a similar or successor form." *Id.* § 772.0073(2); Tex. Code Crim. P. art. 2.251(a). Local officers lack meaningful discretion to decline a detainer request, even where the arrest would violate the Fourth Amendment.

25.     Second, SB 4 contains a number of "anti-sanctuary" provisions—prohibitions against policies that limit local involvement in immigration enforcement. These anti-sanctuary provisions apply to all "local entit[ies]," defined to include a local "governing body," an "officer," or an "employee," SB 4 § 752.051(5). The law contains both a general and a specific list of anti-sanctuary provisions. Generally, a local entity may not "adopt, enforce, or endorse a policy"—including even "an informal, unwritten policy," *id.* § 752.051(6)—and may not engage in any "pattern" or "practice" that "prohibits or materially limits the enforcement of immigration law." *Id.* § 752.053(a)(1), (2). They also may not "intentionally" have a pattern or practice that violates the detainer mandate. *Id.* § 752.053(a)(3). Specifically, "in compliance with" the general anti-sanctuary provisions, a local entity may not restrict anyone from taking a list of specified immigration enforcement actions: "inquiring into the immigration status of a person under a lawful detention or arrest"; maintaining, requesting, or exchanging immigration status or place-of-birth information with a federal, state, or local

entity; "assisting or cooperating with a federal immigration officer as reasonable or necessary, including providing enforcement assistance"; or "permitting a federal immigration officer to enter and conduct enforcement activities at a jail to enforce federal immigration laws." *Id.* § 752.053(b).

26.    Municipalities, counties, and their officials and employees who violate these commands are subject to a range of heavy penalties. Anyone who violates the anti-sanctuary provisions can be fined $1,000 to $1,500 for the first violation and $25,000 to $25,500 *per day* for each subsequent violation. *Id.* § 752.056(a)(1)-(2). Elected or appointed officials can even be removed from office. *Id.* § 752.0565. And for failing to honor a single detainer, a sheriff, police chief, or constable can be convicted of a Class A misdemeanor, Tex. Penal Code § 39.07, which carries up to a one-year sentence, *id.* § 12.21.

27.    SB 4 harms public safety by restricting Plaintiffs' ability to act in what Plaintiffs have determined to be the best interest of their residents, a choice that is consistent with federal law.

28.    As a result, SB 4 undermines Plaintiffs' ability to provide critical services to all residents.

29.    Plaintiffs are being forced to expend tax dollars educating their employees about SB 4 and reassuring residents in response to SB 4.

## CAUSES OF ACTION

## COUNT ONE: FIRST AMENDMENT

30.     Plaintiffs repeat and incorporate by reference each allegation of the prior paragraphs as if fully set forth herein.

31.     SB 4 provides that local officers and employees may not "endorse" a policy that "materially limits the enforcement of immigration law."

32.     SB 4's endorsement prohibition regulates expression based on its content—immigration enforcement.  It also regulates expression based on its viewpoint, because it only prohibits expression *in favor* of limiting immigration enforcement.  This provision is not narrowly tailored to serve a compelling state interest, and therefore violates the First Amendment.

## COUNT TWO: VAGUENESS

33.     Plaintiffs repeat and incorporate by reference each allegation of the prior paragraphs as if fully set forth herein.

34.     The Due Process Clause requires that a law give reasonable notice of what conduct it prohibits.

35.     SB 4 fails to give local entities, officials, and employees fair notice of what conduct will subject them to thousands of dollars in fines and removal from office.  Among other things, the statute prohibits policies, including "informal" and "unwritten" policies, that "materially limit" immigration enforcement, but it does

not give any indication as to what it means to "limit" immigration enforcement, and which limitations might be "material."

36.    In addition to prohibiting informal and unwritten policies, SB 4 also prohibits any "pattern" or "practice" that "materially limits" immigration enforcement, including a practice by a single municipal "employee." The statute does not define what kinds of practices might "materially limit the enforcement of immigration laws."

37.    Going even further, SB 4 forbids every local official and employee from "endors[ing]" such policies. The statute gives no hint as to what actions or expression might constitute endorsement.

38.    Local employees who violate these provisions are subject to daily penalties of up to $25,500. Local officials are additionally subject to removal from office. The Due Process Clause does not allow their property and livelihoods to be subject to such indeterminate, amorphous, and subjective standards.

## COUNT THREE: FOURTH AMENDMENT

39.    Plaintiffs repeat and incorporate by reference each allegation of the prior paragraphs as if fully set forth herein.

40.    SB 4 requires state and local employees to honor immigration detainer request they receive from federal officials. The statute leaves them no

meaningful discretion to decline a request to detain or arrest a person, even when the arrest or detention would violate the Fourth Amendment.

41. SB 4 makes it a Class A misdemeanor for a sheriff, police chief, or constable to choose not to honor a detainer request—even if that choice is motivated by constitutional concerns.

42. By forcing local officers to carry out unreasonable seizures, SB 4 violates the Fourth Amendment.

## COUNT FOUR: PREEMPTION

43. Plaintiffs repeat and incorporate by reference each allegation of the prior paragraphs as if fully set forth herein.

44. SB 4 is preempted by federal immigration law, which creates a comprehensive enforcement scheme that does not envision the type of state involvement that SB 4 imposes. SB 4 both duplicates and extends beyond equivalent provisions in federal immigration law, and it injects unilateral state enforcement decisions into the federal scheme.

45. By creating state regulation of immigration inconsistent with federal law, SB 4 violates the Supremacy Clause and must be enjoined.

## COUNT FIVE: NINTH AND TENTH AMENDMENTS

46. Plaintiffs repeat and incorporate by reference each allegation of the prior paragraphs as if fully set forth herein.

47.     SB 4 interferes with the right of local self-government secured by the Ninth and Tenth Amendments, which, respectively, guarantee that certain rights are "retained by the people" and "reserved . . . to the people."  The State lacks the authority to force local communities to infringe on their own liberty through their own law enforcement and elected representatives.  SB 4 should therefore be enjoined.

## COUNT SIX: EQUAL PROTECTION

48.     Plaintiffs repeat and incorporate by reference each allegation of the prior paragraphs as if fully set forth herein.

49.     SB 4 was enacted with the intent to harm Texas residents based on their race, ethnicity, and national origin.  In its operation, it will coerce officers to engage in racial profiling, by preventing local electorates and their representatives from decoupling community policing from immigration enforcement.  It therefore violates the Fourteenth Amendment's Equal Protection Clause.

## PRAYER FOR RELIEF

Wherefore, the Plaintiffs prays that the Court grant the following relief:

A.     Declare that SB 4 is unconstitutional and preempted in its entirety;

B.     Declare that the anti-sanctuary provisions and detainer mandate are unconstitutional and preempted.

B.     Grant a preliminary and permanent injunction barring Defendants from enforcing SB 4's anti-sanctuary provisions and detainer mandate.

D.     Award Plaintiffs reasonable costs and attorney's fees;

E.     Grant any further relief that the Court deems fit and proper.

DATED:  May 18, 2017              Respectfully Submitted,

Luis Roberto Vera, Jr.
LULAC National General Counsel
SBN:  20546740
THE LAW OFFICES OF LUIS ROBERTO
VERA, JR & ASSOCIATES
1325 Riverview Towers
111 Soledad
San Antonio, TX 78205-2260
Phone: (210) 225-3300
Fax: (210) 225-2060
lrvlaw@sbcglobal.net

Luis Roberto Vera, Jr.

Max Renea Hicks
LAW OFFICE OF MAX RENEA HICKS
P.O. Box 303187
Austin, TX 78703
Phone: (512) 480-8231

*Attorneys for the Plaintiffs*