IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CITY OF EL CENIZO, TEXAS, *et al.*, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> THE STATE OF TEXAS, *et al.* § <br> Defendants. § <br> § <br> § | | CIVIL Action No.: 5:17-CV-00404-OLG <br> (Lead Case) <br> <br> CIVIL Action No.: 5:17-CV-00459-OLG <br> (Consolidated Case) <br> <br> CIVIL Action No.: 5:17-CV-00489-OLG <br> (Consolidated Case) |

## CITY OF DALLAS'S OPPOSED MOTION TO INTERVENE

Now comes the City of Dallas ("Dallas") and files this motion to intervene as a plaintiff.

### I. Summary

Pursuant to Federal Rules of Civil Procedure, Rule 24, Dallas requests leave to intervene in this action concerning the constitutionality of Senate Bill No. 4 (SB 4). Dallas joins the other local governments and their officials in asserting that SB4 is unconstitutional under the United States and Texas constitutions. A copy of Dallas's proposed complaint of intervention is attached as Exhibit 1. Dallas requests intervention of right or, in the alternative, permissive intervention.

### II.     Dallas Does Not Seek to Delay Proceedings

The Court has already scheduled a preliminary injunction hearing for June 26, 2017 with various deadlines prior to that date. (ECF No. 45). Dallas does not seek to delay that hearing by its motion to intervene and recognizes that this motion to intervene will not likely be disposed of prior to that hearing. To avoid any prejudice to the State Defendants, the City has offered to extend the deadline to respond to the motion to intervene until after the hearing but counsel for the State Defendants intend to respond within the existing time provide by the Local Rules.

**CITY OF DALLAS's OPPOSED MOTION TO INTERVENE – Page 1**

### III. Dallas's Motion Is Timely

Whether intervention is sought as matter of right or by permission, the motion must be timely. Fed. R. Civ. P. 24 (a), (b). The court must be satisfied as to timeliness based on the circumstances of each case. *NAACP v. New York*, 413 U.S. 345, 365 (1973). Timeliness is evaluated by examining the length of time between the would-be intervenor knowing its interest in the case and seeking intervention, the extent of the prejudice to the existing parties to the litigation, the extent of the prejudice to the would-be intervenor if intervention is denied; and the existence of unusual circumstances militating either for or against a determination that the application is timely. *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994). The analysis is contextual, absolutes are to be ignored, and timeliness is not about retribution for failing to file earlier but instead serves as a guard against the prejudicing other parties by a failure to apply sooner. *Id.* Courts should allow intervention if no one would be hurt and greater justice could be attained. *Id.*

The original plaintiffs filed this action on May 8, 2017. Dallas did not become fully aware of the filing until later when new reports regarding the other related lawsuits were reported in the media. Dallas City Council was briefed about matters related to SB4 on June 7, 2017. The length of time between learning of the filing of this action and the preparation and filing of this motion and the proposed complaint in intervention is reasonable.

Neither the original plaintiffs in this action or the consolidated actions nor any other parties seeking to intervene oppose Dallas's intervention and thereby do not assert any type of prejudice because of the time between the original filing of this lawsuit and Dallas's filing of this motion. The Defendants cannot claim any type of prejudice based on this time deferential. The Defendants have made limited filings, none of them related to any possible prejudice to the

Defendants. Any claim that the City's, or any other intervenor, would protract or complicate the litigation is not relevant, prejudice is measured by the delay in seeking intervention and not inconvenience caused by the intervenor's participation in the litigation. *Id.*, at 1206.

Dallas will be injured if intervention is denied. Dallas would need to proceed to file a separate action. There is a great risk that this case would proceed to judgment before a judgment could be obtained in any separate litigation filed by Dallas. A ruling from this Court would likely be determinative of Dallas's interests. *See Espy*, 18 F.3d at 1207 ("an intervenor's interest 'is impaired by the *stare decisis* effect of the district court's judgment'") (*quoting Ceres Gulf v. Cooper*, 957 F.2d 1199, 1204 (5th Cir. 1992)).

There are no unusual circumstances militating against a determination that the application is timely. Circumstances militate for a determination that the application is timely. Prior to consolidation, there were three separate lawsuits concerning the constitutionality of SB4. It was not until June 7, 2017 that these lawsuits were consolidated into this action. The order clarified in which case Dallas should file. Dallas's motion to intervene is timely.

### IV. Dallas May Intervene as A Matter of Right.

A party may intervene in an ongoing matter as a matter of right by timely filing a motion claiming it has "an interest relating to the property or transaction that is the subject of the action" and that the disposition of the action will "impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Dallas has a substantial interest in the transaction at issue in this litigation and its resolution will impair and impede its ability to protect its interests. The constitutionality of SB4 will directly affect the actions, conduct, and liability of Dallas, its elected representatives, its officials, and its employees. For example, SB4's command that a "governing body" or "an

officer or employee" may not "adopt, enforce, or endorse a policy" that "prohibits or materially limits the enforcement of immigration laws" exposes Dallas and its officials and employees to litigation, fines, and removal from office for the mere expression of opposition to immigration law. Dallas's officials are subject to criminal conviction for failing to follow SB4's other vague commands. Dallas will have to devote resources, funding, and employees' time to comply with SB4. SB4's other vague commands will expose Dallas and its peace officers to litigation and adverse judgments because of violations of others' constitutional rights. Dallas's reputation, law enforcement efforts, and its economy will all be adversely impacted by SB4.

The existing parties in this action will not adequately represent Dallas's interests. Obviously, the State Defendants will not be representing Dallas's interests. If that were the case, the many voices of law enforcement who spoke against SB4 would have been heeded and this litigation would have been unnecessary. As for the original plaintiffs, they will more than adequately represent their interests. While there is commonality in many issues, particularly the constitutionality of SB4, Dallas presents a unique set of circumstances. No other city has had to deal with the direct attack on its law enforcement officers causing the loss of four Dallas police officers and one DART officer. Dallas has experienced a serious decline in the number of its police officers in recent years. The loss of officers has strained the Dallas Police Department's ability to respond to calls, emergencies, and address actual crimes. Any diversion of law enforcement resources, time, and facilities caused by SB4 will expose Dallas's residents to greater threats. Any creation of fear caused by SB4 will undermine Dallas's ongoing efforts to promote community policing. SB4's creation of uncertainty and providing a vehicle to second guess and stifle local discretion will thwart Dallas's ongoing efforts to broaden involvement by all communities into the governance of Dallas.

None the plaintiffs are legal representatives of Dallas, its officials, employees, or residents. Additionally, the El Cenizo, *et al* plaintiffs include the Texas State League of United Latin Americans; among the San Antonio, *et al* plaintiffs are La Union Del Pueblo Entero and Workers defense Project, and among the El Paso County plaintiff, *et al* is the Texas Organizing Project Education Fund. These plaintiffs represent the interests of their members as potential victims of local governments', such as Dallas, compliance with SB4. There is an obvious adversity of interests between Dallas and the members of these plaintiffs.

Finally, only Dallas can adequately represent the interest of Dallas and its residents. Dallas has satisfied the minimal burden of showing that its representation may be inadequate by the existing parties. *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). The issues raised by this action are of public interest for Dallas and its officials, employees, and residents. Dallas requests that the Court grant Dallas's request to intervene as a matter of right.

**V.     Alternatively, the Court Should Grant Dallas Permission to Intervene**

In the alternative, if the Court finds that Dallas may not intervene as a matter of right, Dallas seeks the Court's permission to intervene. The Court "may permit anyone to intervene who.. .has a claim or defense that shares with the main action a common question of law or fact." Fed R. Civ P. 24(b)(1)(B). Permissive intervention is committed to the Court's discretion. *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984).

The plaintiffs in this original action, as well as the plaintiffs in the consolidated actions, have sued the State Defendants seeking a declaration that SB4 is unconstitutional and asking this Court to enjoin the State Defendants from implementing and enforcing this law. In its proposed complaint in intervention, Dallas has and asserts several justiciable claims that share common questions of law and fact with the claims asserted by the original plaintiffs. As with the other

parties, Dallas also asserts that SB4 is unconstitutional and asks the Court to enjoin the State Defendants from implementing and enforcing this law. As such, Dallas's claims share common questions of fact and law with those asserted by the Plaintiffs. For example, Dallas asserts that SB 4 is preempted by federal law and violates the First Amendment, the Due Process Clause, the Fourth Amendment, the Tenth Amendment, and the Equal Protection Clause of the United States Constitution. (*Compare* Ex. 1, and ECF No. 31; *see also* Civil Action No. 5:17-CV-459-OLG, ECF No. 1; Civil Action No. 5:17-CV-498-OLG, ECF No. 1).

Further, as explained above, Dallas's rights and interests will not be adequately represented by the original plaintiffs but Dallas's intervention will also add value to the litigation. Dallas will bring evidence of the adverse impact and effect of SB4 on Dallas and Dallas presents additional causes of action asserting different bases for SB4's unconstitutionality.

Resolving the respective claims of Dallas and the original Plaintiffs will promote judicial economy and sufficiency by resolving related issues in a single proceeding. *See Security Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) ("the most obvious benefits of intervention in general are the efficiency and consistency that result from resolving related issues in a single proceeding").

Dallas's intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Fed. R. Civ. Pro., R. 24(b)(3). As explained above, Dallas's intervention will not delay these proceedings. This action is not even 45 days old, the Defendants have not answered, no scheduling order has been issued, no rulings have been made other than allowing various counsel to appear, consolidating the various actions, and scheduling the preliminary injunction hearing. No prejudice exists.

In response to the City of Austin plaintiffs' and Travis County plaintiffs' motions to intervene (ECF No. 33; Civil Action No. 5:17-CV-489-OLG, ECF No. 6), the State Defendants have claimed prejudice because there is already litigation in the Austin Division and this Court should defer by either dismissing or transferring. (ECF Nos. 14, 40). The original plaintiffs have articulated the reasons why this case should proceed. (ECF Nos. 43, 44). The State Defendants will not be independently prejudiced by Dallas's intervention. The State Defendants' motion to dismiss or transfer is already before the Court and Dallas will be bound by the Court's decision just as any of the original parties. Again, the State Defendants will not be prejudiced.

## VI. CONCLUSION AND PRAYER

The City requests that the Court grant the City's motion to intervene for all purposes.

    Respectfully submitted,
    OFFICE OF THE CITY ATTORNEY
    CITY OF DALLAS, TEXAS
    LARRY E. CASTO.
    Dallas City Attorney

    __s/ Charles S. Estee_____
    CHARLES S. ESTEE
    Assistant City Attorney
    State Bar of Texas No. 06673600
    charles.estee@dallascityhall.com
    City Attorney's Office
    1500 Marilla Street, Room 7B North
    Dallas, Texas  75201
    Telephone:     214-670-3519
    Telecopier:     214-670-0622

    Attorneys for Intervenor City of Dallas

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for the City of Dallas has conferred with counsel for plaintiffs, City of El Cenizo, *et al.*, counsel for plaintiffs El Paso County, *et al.*, counsel for plaintiffs the City of San Antonio, *et al.*, and counsel for proposed intervenors City of Austin, *et al.*, and counsel for proposed intervenors Travis County, *et al.*, and they all indicated that they do not oppose the intervention. Counsel for the City of Dallas also conferred with Darren McCarty, counsel for the Defendants, and he indicated that the Defendants oppose this motion.

                                                _s/ Charles S. Estee_
                                                CHARLES S. ESTEE

## CERTIFICATE OF SERVICE

I certify that on June 16, 2017, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Western District of Texas using the electronic case failing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                _s/ Charles S. Estee_
                                                CHARLES S. ESTEE