IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 23 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

| | |
|---|---|
| CITY OF EL CENIZO, et. al. ) | |
| ) | CIVIL ACTION NO. |
| Plaintiffs ) | 5:17-CV-404-OG |
| ) | [Consolidated/lead case] |
| v. ) | |
| ) | |
| STATE OF TEXAS, et. al. ) | |
| ) | |
| Defendants ) | |

# ORDER

On this day the Court considered the City of Austin's Motion for Judicial Notice. Docket no. 59. Defendants have filed a response. Docket no. 93. The City of Austin seeks to have the Court take judicial notice of the facts in the 2016 Pew Research Center's report titled "*Overall Number of U.S. Unauthorized Immigrants Holds Steady Since 2009.*" Many federal courts have relied upon Pew Research Center reports in reaching their decisions. *See, e.g., Fisher v. Univ. of Tex. at Austin*, 136 S.Ct. 2198, 2230 n. 8 (2016) (Pew Research report regarding rates of interracial marriage); *Riley v. California*, 134 S.Ct. 2473, 2484 (2014)(Pew Research report regarding rate of smart phone ownership). The report in question was relied upon by the district court in *Texas v. U.S.*, 86 F.Supp.3d 591, 612 and n. 11 (S.D. Tex. 2015). Defendants object to the report on relevancy grounds, but the report is clearly relevant to the Fourteenth Amendment Equal Protection claims and perhaps on other issues as well.

Defendants' relevancy objection is OVERRULED, Plaintiffs may rely on the Pew Research Center report for purposes of this preliminary injunction proceeding, and the Court will give it due consideration.

It is further ORDERED that the parties may assert objections but the Court will not rule on the objections at the time of the hearing. The evidence will be accepted and made part of the record and any objections will be considered when the Court reviews the record and makes a decision. If the objections are valid, the Court may disregard certain evidence or simply give it the weight it deserves.

Again, the Court reminds the parties that evidentiary standards are relaxed in a preliminary injunction hearing. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). In fact, the Court may rely upon otherwise inadmissible evidence when considering a preliminary injunction. *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993); *Texas Commerce Bank Nat'l Ass'n v. State of Florida*, 1997 WL 181532, at *4 (N.D. Tex. Apr. 9, 1997)(in a preliminary injunction proceeding, "the court may rely on hearsay evidence and may even give inadmissible evidence some weight"), *aff'd*, 138 F.3d 179 (5th Cir. 1998).

It is so ORDERED this 23rd day of June, 2017.

_____
ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE