

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CITY OF EL CENIZO, et. al. | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL NO. SA-17-CV-404-OG |
| | § | [Consolidated/lead case] |
| STATE OF TEXAS, et. al. | § | |
| | § | |
| Defendants | § | |

# ORDER

Pending before the Court are Defendants' motions to dismiss or transfer this case to the Austin division for consolidation with Civil Action No. 1:17-CV-425-SS. Docket nos. 32, 71, 72, 82, 127, 128, 129, 161, 162, 177. The venue motions were held in abeyance pending a decision on subject matter jurisdiction in the Austin case. Docket no. 66. On August 9, 2017, the Austin case was dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction to decide the State's claim to seek a declaration, before SB 4's effective date, that it is constitutional. *See* docket no. 74 at 7-11 in Civil Action 1:17-CV-425-SS. The Court now finds that Defendants' motions to dismiss or transfer venue should be denied.

Defendants argue that, pursuant to 28 U.S.C. §§ 1404 and 1406 and the Fifth Circuit's "first-to-file" rule, the San Antonio division is not the proper venue for this case and the Austin division is the proper venue. Section 1406(a) provides that, where a case is filed "laying venue in the wrong division or district[,]" the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Rule 12(b)(3) authorizes parties to assert a defense of "improper venue" by motion, before any responsive pleading. District courts within the Fifth Circuit

have been divided on the question of "which party shoulders the burden of establishing venue on a Rule 12(b)(3) motion to dismiss for improper venue," but for purposes of this Order, the Court assumes—consistent with the majority of courts in this circuit—that this burden lies with the Plaintiffs. *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 n.2 (W.D. Tex. 2016) (describing split, gathering cases). The question of whether venue is "improper" within the meaning of Rule 12(b)(3) or "wrong" within the meaning of Section 1406(a) "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). In the absence of a specific venue provision[1]—none applies here—that inquiry is governed by the general venue statute, 28 U.S.C. § 1391, which provides in pertinent part that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(1)-(2).

Relying upon that language, Defendants argue that the venue criteria of Section 1391 have not been met, that venue is improper under Section 1406, and that dismissal or transfer is required because "[n]o Defendant resides within the San Antonio division and, more importantly, the events giving rise to this action did not occur within the division." Docket no. 171 at 2. Defendants further argue that transfer to the Austin division is required because "the general rule in suits against public officials is that a defendant's residence for venue purpose[s] is the district where he performs his official duties." *Id.* (citing *Florida Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), *rev'd on other grounds sub nom., Florida Dept. of Health & Rehab. Services v. Florida Nursing Home Ass'n*, 450 U.S. 147 (1981)).

---

[1] *See, e.g., U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. at 577 n.2 (citing example).

This argument misconstrues Section 1391, which refers not to the division,[2] but to the "district" in which a defendant resides or where the events giving rise to the case took place. The parties do not dispute that Defendants reside within the Western District of Texas, or that the events giving rise to Plaintiffs' claims occurred in the Western District of Texas. Accordingly, under the plain language of Section 1391—which "exclusively" governs the determination of proper venue—Plaintiffs' claims may be brought in any division within the Western District of Texas.[3] The Court therefore concludes that Defendants' request for dismissal or transfer pursuant to 28 U.S.C. § 1406 and Fed. R. Civ. P. 12(b)(3) should be denied.

Section 1404(a) permits the transfer of any civil action "[f]or the convenience of parties and witnesses, in the interest of justice," "to any other district or division where it might have been brought[.]" The section 1404(a) analysis applies equally to transfers between districts and transfers between divisions within a district, and the Fifth Circuit has enumerated a number of factors which, although they are neither exhaustive of exclusive, guide the Court's exercise of discretion. *In re*

---

[2] As the parties have noted in their briefing, under Section 53 of the Judicial Code of 1911, Pub. Law 61-475, 36 Stat. 1101, Congress once established a system of divisional venue—but it repealed the provision recognizing divisional venue in 1988. Pub. Law 100-702 § 1001, 102 Stat. 4664 (repealing 28 U.S.C. § 1393); *see also In re Gibson*, 423 Fed. App'x. 385, 388 (5th Cir. 2011) ("Prior to its repeal in 1988, the divisional venue statute, 28 U.S.C. § 1393, had limited plaintiffs in multi-divisional districts to filing suit in the division where the defendant resided. After that statute was repealed, plaintiffs were free to file suit in any division in a district."). The current text of Section 1406(a) predates the 1988 repeal of the divisional venue statute, 62 Stat. 937, and as other district courts have observed, it is possible that "references to venue laid in the 'wrong division' in § 1406(a) could perhaps be read as 'vestigial' language addressed to failure to satisfy the now-defunct 'divisional venue' statute[.]" *Crumrine v. NEG Micon USA, Inc.*, 104 F. Supp. 2d 1123, 1126 (N.D. Iowa 2000).

[3] This conclusion is consistent with the prior decisions of this Court, and of other district courts throughout the nation. *See, e.g., Galindo v. Reeves County Texas*, EP-10-CV-454-DB, 2011 WL 13175764, at *2 (W.D. Tex. Apr. 12, 2011) ("the parties do not dispute that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the WDT. Therefore, venue is permissible anywhere in the WDT"); *Crumrine*, 104 F. Supp. 2d at 1125-26 ("[Section] 1391(a) is silent on 'divisional' venue, instead establishing the proper venue for diversity actions in terms of 'judicial districts.'"); *Harrington v. Wilber*, 384 F. Supp. 2d 1321, 1326 (S.D. Iowa 2005); *Morrow v. City of Tenaha Deputy City Marshal Washington*, CIV.A. 2:08-CV-288, 2008 WL 5203843, at *2 (E.D. Tex. Dec. 11, 2008); *Brinkman v. Schriro*, CV 08-670-TUC-FRZ, 2009 WL 10635930, at *1 (D. Ariz. June 11, 2009); *Leach v. Idaho Nephrology Associates, PLLC*, CV-07-278SBLW, 2007 WL 3253202, at *2 (D. Idaho Oct. 31, 2007); *Borghi v. Purple Group, Inc.*, CIV 2008-36, 2009 WL 1404752, at *3 (D.V.I. May 15, 2009).

*Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). A motion to transfer venue pursuant to Section 1404(a) should be granted if the civil action "might have been brought" in the destination venue and "the movant demonstrates that the transferee venue is clearly more convenient," taking into consideration the following private and public interest factors:

> the relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; . . . all other practical problems that make trial of a case easy, expeditious and inexpensive[;] . . . the administrative difficulties flowing from court congestion; the local interest in having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d at 315 (en banc) (internal numbering omitted); *see also In re Radmax, Ltd.*, 720 F.3d at 288.

In this case, the parties do not dispute that, under 28 U.S.C. 1391, this case "might have been brought" in the Austin division of this District. Thus, transfer pursuant to Section 1404(a) is appropriate if Defendants demonstrate that the Austin division is "clearly more convenient" than the San Antonio division, in light of the private and public interest factors listed above. Although some of the evidence in this matter was generated by the Texas Legislature while convened in Austin, the legislative record may be accessed from anywhere. Docket nos. 25 at 11; 159 at 16-17; 160 at 22; 167 at 14. Compulsory process to secure the attendance of witnesses is equally available in San Antonio and Austin, and given the close proximity of San Antonio and Austin, there is very little difference in the cost of attendance for willing witnesses—particularly since the legislature, though currently convened in a special session, stood adjourned *sine die* at the time this action was commenced, and will likely be adjourned *sine die* during the majority of this proceeding. Likewise, the Court finds virtually no difference between San Antonio and Austin in terms of the local interests at stake, docket congestion, and familiarity with the

governing law. Conflicts of law and the application of foreign law are simply not concerns in this case. The Court finds that the San Antonio and Austin divisions are essentially equivalent in terms of convenience, and that Defendants have not made a sufficient showing that the transferee venue is "clearly more convenient" to meet its burden and disturb the Plaintiffs' choice of forum. *In re Volkswagen of Am., Inc.*, 545 F.3d at 314 & n.10 (discussing *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007) and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)). The Court therefore concludes that Defendants' request for transfer pursuant to 28 U.S.C. § 1404(a) should be denied.

Defendants also argued that this case should be dismissed or transferred on the basis of the Fifth Circuit's "first to file" rule, pursuant to which, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). Even if there was substantial overlap between this case and the earlier filed case in the Austin division, the Austin case has been dismissed for lack of subject matter jurisdiction. The Court therefore concludes that Defendants' arguments regarding the "first to file" rule are moot.

It is therefore ORDERED that Defendants' motions to dismiss or transfer venue (docket nos. 32, 71, 72, 82, 127, 128, 129, 161, 162, 177) are DENIED.

SIGNED this 15 day of August, 2017.

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE