AN ACT

relating to the enforcement by campus police departments and certain local governmental entities of state and federal laws governing immigration and to related duties and liability of certain persons in the criminal justice system; providing a civil penalty; creating a criminal offense.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

ARTICLE 1. POLICIES OF AND GRANT PROGRAMS FOR LOCAL ENTITIES AND CAMPUS POLICE DEPARTMENTS

SECTION 1.01. Chapter 752, Government Code, is amended by adding Subchapter C to read as follows:

SUBCHAPTER C. ENFORCEMENT OF STATE AND FEDERAL IMMIGRATION LAWS BY LOCAL ENTITIES AND CAMPUS POLICE DEPARTMENTS

Sec. 752.051. DEFINITIONS. In this subchapter:

(1) "Campus police department" means a law enforcement agency of an institution of higher education.

(2) "Immigration laws" means the laws of this state or federal law relating to aliens, immigrants, or immigration, including the federal Immigration and Nationality Act (8 U.S.C. Section 1101 et seq.).

(3) "Institution of higher education" means:

(A) an institution of higher education as defined by Section 61.003, Education Code; or

(B) a private or independent institution of

higher education as defined by Section 61.003, Education Code.

(4) "Lawful detention" means the detention of an individual by a local entity, state criminal justice agency, or campus police department for the investigation of a criminal offense. The term excludes a detention if the sole reason for the detention is that the individual:

(A) is a victim of or witness to a criminal offense; or

(B) is reporting a criminal offense.

(5) "Local entity" means:

(A) the governing body of a municipality, county, or special district or authority, subject to Section 752.052;

(B) an officer or employee of or a division, department, or other body that is part of a municipality, county, or special district or authority, including a sheriff, municipal police department, municipal attorney, or county attorney; and

(C) a district attorney or criminal district attorney.

(6) "Policy" includes a formal, written rule, order, ordinance, or policy and an informal, unwritten policy.

Sec. 752.052. APPLICABILITY OF SUBCHAPTER. (a) This subchapter does not apply to a hospital or hospital district created under Subtitle C or D, Title 4, Health and Safety Code, a federally qualified health center as defined in Section 31.017, Health and Safety Code, a hospital owned or operated by an institution of higher education, or a hospital district created under a general or special law authorized by Article IX, Texas

Constitution, to the extent that the hospital or hospital district is providing access to or delivering medical or health care services as required under the following applicable federal or state laws:

(1) 42 U.S.C. Section 1395dd;

(2) 42 U.S.C. Section 1396b(v);

(3) Subchapter C, Chapter 61, Health and Safety Code;

(4) Chapter 81, Health and Safety Code; and

(5) Section 311.022, Health and Safety Code.

(b) Subsection (a) excludes the application of this subchapter to a commissioned peace officer:

(1) employed by a hospital or hospital district during the officer's employment; or

(2) commissioned by a hospital or hospital district.

(c) This subchapter does not apply to a commissioned peace officer employed or contracted by a religious organization during the officer's employment with the organization or while the officer is performing the contract.

(d) This subchapter does not apply to a school district or open-enrollment charter school, including a peace officer employed or contracted by a district or charter school during the officer's employment with the district or charter school or while the officer is performing the contract. This subchapter does not apply to the release of information contained in educational records of an educational agency or institution, except in conformity with the Family Educational Rights and Privacy Act of 1974 (20 U.S.C. Section 1232g).

(e) This subchapter does not apply to the public health department of a local entity.

(f) This subchapter does not apply to:

(1) a community center as defined by Section 571.003, Health and Safety Code; or

(2) a local mental health authority as defined by Section 531.002, Health and Safety Code.

Sec. 752.053. POLICIES AND ACTIONS REGARDING IMMIGRATION ENFORCEMENT. (a) A local entity or campus police department may not:

(1) adopt, enforce, or endorse a policy under which the entity or department prohibits or materially limits the enforcement of immigration laws;

(2) as demonstrated by pattern or practice, prohibit or materially limit the enforcement of immigration laws; or

(3) for an entity that is a law enforcement agency or for a department, as demonstrated by pattern or practice, intentionally violate Article 2.251, Code of Criminal Procedure.

(b) In compliance with Subsection (a), a local entity or campus police department may not prohibit or materially limit a person who is a commissioned peace officer described by Article 2.12, Code of Criminal Procedure, a corrections officer, a booking clerk, a magistrate, or a district attorney, criminal district attorney, or other prosecuting attorney and who is employed by or otherwise under the direction or control of the entity or department from doing any of the following:

(1) inquiring into the immigration status of a person

under a lawful detention or under arrest;

(2) with respect to information relating to the immigration status, lawful or unlawful, of any person under a lawful detention or under arrest, including information regarding the person's place of birth:

(A) sending the information to or requesting or receiving the information from United States Citizenship and Immigration Services, United States Immigration and Customs Enforcement, or another relevant federal agency;

(B) maintaining the information; or

(C) exchanging the information with another local entity or campus police department or a federal or state governmental entity;

(3) assisting or cooperating with a federal immigration officer as reasonable or necessary, including providing enforcement assistance; or

(4) permitting a federal immigration officer to enter and conduct enforcement activities at a jail to enforce federal immigration laws.

(c) Notwithstanding Subsection (b)(3), a local entity or campus police department may prohibit persons who are employed by or otherwise under the direction or control of the entity or department from assisting or cooperating with a federal immigration officer if the assistance or cooperation occurs at a place of worship.

Sec. 752.054. DISCRIMINATION PROHIBITED. A local entity, campus police department, or a person employed by or otherwise

under the direction or control of the entity or department may not consider race, color, religion, language, or national origin while enforcing immigration laws except to the extent permitted by the United States Constitution or Texas Constitution.

Sec. 752.055. COMPLAINT; EQUITABLE RELIEF. (a) Any citizen residing in the jurisdiction of a local entity or any citizen enrolled at or employed by an institution of higher education may file a complaint with the attorney general if the person asserts facts supporting an allegation that the entity or the institution's campus police department has violated Section 752.053. The citizen must include a sworn statement with the complaint stating that to the best of the citizen's knowledge, all of the facts asserted in the complaint are true and correct.

(b) If the attorney general determines that a complaint filed under Subsection (a) against a local entity or campus police department is valid, the attorney general may file a petition for a writ of mandamus or apply for other appropriate equitable relief in a district court in Travis County or in a county in which the principal office of the entity or department is located to compel the entity or department that is suspected of violating Section 752.053 to comply with that section.

(c) An appeal of a suit brought under Subsection (b) is governed by the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure. The appellate court shall render its final order or judgment with the least possible delay.

Sec. 752.056. CIVIL PENALTY. (a) A local entity or campus

police department that is found by a court of law as having intentionally violated Section 752.053 is subject to a civil penalty in an amount:

(1) not less than $1,000 and not more than $1,500 for the first violation; and

(2) not less than $25,000 and not more than $25,500 for each subsequent violation.

(b) Each day of a continuing violation of Section 752.053 constitutes a separate violation for the civil penalty under this section.

(c) The court that hears an action brought under Section 752.055 against the local entity or campus police department shall determine the amount of the civil penalty under this section.

(d) A civil penalty collected under this section shall be deposited to the credit of the compensation to victims of crime fund established under Subchapter B, Chapter 56, Code of Criminal Procedure.

(e) Sovereign immunity of this state and governmental immunity of a county and municipality to suit is waived and abolished to the extent of liability created by this section.

Sec. 752.0565. REMOVAL FROM OFFICE. (a) For purposes of Section 66.001, Civil Practice and Remedies Code, a person holding an elective or appointive office of a political subdivision of this state does an act that causes the forfeiture of the person's office if the person violates Section 752.053.

(b) The attorney general shall file a petition under Section 66.002, Civil Practice and Remedies Code, against a public officer

to which Subsection (a) applies if presented with evidence, including evidence of a statement by the public officer, establishing probable grounds that the public officer engaged in conduct described by Subsection (a). The court in which the petition is filed shall give precedence to proceedings relating to the petition in the same manner as provided for an election contest under Section 23.101.

(c) If the person against whom an information is filed based on conduct described by Subsection (a) is found guilty as charged, the court shall enter judgment removing the person from office.

Sec. 752.057. COMMUNITY OUTREACH POLICY. (a) Each law enforcement agency that is subject to the requirements of this subchapter may adopt a written policy requiring the agency to perform community outreach activities to educate the public that a peace officer may not inquire into the immigration status of a victim of or witness to an alleged criminal offense unless, as provided by Article 2.13, Code of Criminal Procedure, the officer determines that the inquiry is necessary to:

(1) investigate the offense; or

(2) provide the victim or witness with information about federal visas designed to protect individuals providing assistance to law enforcement.

(b) A policy adopted under this section must include outreach to victims of:

(1) family violence, as that term is defined by Section 71.004, Family Code, including those receiving services at family violence centers under Chapter 51, Human Resources Code; and

(2) sexual assault, including those receiving services under a sexual assault program, as those terms are defined by Section 420.003.

SECTION 1.02. Subchapter A, Chapter 772, Government Code, is amended by adding Section 772.0073 to read as follows:

Sec. 772.0073. ENFORCEMENT OF IMMIGRATION LAW GRANT PROGRAM. (a) In this section:

(1) "Criminal justice division" means the criminal justice division established under Section 772.006.

(2) "Immigration detainer request" means a federal government request to a local entity to maintain temporary custody of an alien, including a United States Department of Homeland Security Form I-247 document or a similar or successor form.

(3) "Immigration laws" means the laws of this state or federal law relating to aliens, immigrants, or immigration, including the federal Immigration and Nationality Act (8 U.S.C. Section 1101 et seq.).

(4) "Local entity" means a municipality or county.

(b) The criminal justice division shall establish and administer a competitive grant program to provide financial assistance to local entities to offset costs related to:

(1) enforcing immigration laws; or

(2) complying with, honoring, or fulfilling immigration detainer requests.

(c) The criminal justice division shall establish:

(1) eligibility criteria for grant applicants;

(2) grant application procedures;

(3) criteria for evaluating grant applications and awarding grants;

(4) guidelines related to grant amounts; and

(5) procedures for monitoring the use of a grant awarded under this section and ensuring compliance with any conditions of the grant.

(d) The criminal justice division may use any revenue available for purposes of this section.

ARTICLE 2. DUTIES OF LAW ENFORCEMENT AGENCIES AND JUDGES

SECTION 2.01. Chapter 2, Code of Criminal Procedure, is amended by adding Article 2.251 to read as follows:

Art. 2.251. DUTIES RELATED TO IMMIGRATION DETAINER REQUESTS. (a) A law enforcement agency that has custody of a person subject to an immigration detainer request issued by United States Immigration and Customs Enforcement shall:

(1) comply with, honor, and fulfill any request made in the detainer request provided by the federal government; and

(2) inform the person that the person is being held pursuant to an immigration detainer request issued by United States Immigration and Customs Enforcement.

(b) A law enforcement agency is not required to perform a duty imposed by Subsection (a) with respect to a person who has provided proof that the person is a citizen of the United States or that the person has lawful immigration status in the United States, such as a Texas driver's license or similar government-issued identification.

SECTION 2.02. Chapter 42, Code of Criminal Procedure, is

amended by adding Article 42.039 to read as follows:

Art. 42.039. COMPLETION OF SENTENCE IN FEDERAL CUSTODY. (a) This article applies only to a criminal case in which:

(1) the judgment requires the defendant to be confined in a secure correctional facility; and

(2) the defendant is subject to an immigration detainer request.

(b) In a criminal case described by Subsection (a), the judge shall, at the time of pronouncement of a sentence of confinement, issue an order requiring the secure correctional facility in which the defendant is to be confined and all appropriate government officers, including a sheriff, a warden, or members of the Board of Pardons and Paroles, as appropriate, to require the defendant to serve in federal custody the final portion of the defendant's sentence, not to exceed a period of seven days, following the facility's or officer's determination that the change in the place of confinement will facilitate the seamless transfer of the defendant into federal custody. In the absence of an order issued under this subsection, a facility or officer acting under exigent circumstances may perform the transfer after making the determination described by this subsection. This subsection applies only if appropriate officers of the federal government consent to the transfer of the defendant into federal custody under the circumstances described by this subsection.

(c) If the applicable information described by Subsection (a)(2) is not available at the time sentence is pronounced in the case, the judge shall issue the order described by Subsection (b) as

soon as the information becomes available. The judge retains jurisdiction for the purpose of issuing an order under this article.

(d) For purposes of this article, "secure correctional facility" has the meaning assigned by Section 1.07, Penal Code.

ARTICLE 3. DEFENSE OF LOCAL ENTITIES BY ATTORNEY GENERAL

SECTION 3.01. Subchapter B, Chapter 402, Government Code, is amended by adding Section 402.0241 to read as follows:

Sec. 402.0241. DEFENSE OF LOCAL ENTITIES IN SUITS RELATED TO IMMIGRATION DETAINER REQUESTS. (a) In this section, "local entity" has the meaning assigned by Section 752.051.

(b) The attorney general shall defend a local entity in any action in any court if:

(1) the executive head or governing body, as applicable, of the local entity requests the attorney general's assistance in the defense; and

(2) the attorney general determines that the cause of action arises out of a claim involving the local entity's good-faith compliance with an immigration detainer request required by Article 2.251, Code of Criminal Procedure.

(c) If the attorney general defends a local entity under Subsection (b), the state is liable for the expenses, costs, judgment, or settlement of the claims arising out of the representation. The attorney general may settle or compromise any and all claims described by Subsection (b)(2). The state may not be liable for any expenses, costs, judgments, or settlements of any claims against a local entity not being represented by the attorney

general under Subsection (b).

ARTICLE 4. SURETY BOND

SECTION 4.01. Article 17.16, Code of Criminal Procedure, is amended by amending Subsection (a) and adding Subsection (a-1) to read as follows:

(a) A surety may before forfeiture relieve the surety of the surety's undertaking by:

(1) surrendering the accused into the custody of the sheriff of the county where the prosecution is pending; or

(2) delivering to the sheriff of the county in which the prosecution is pending and to the office of the prosecuting attorney an affidavit stating that the accused is incarcerated in:

(A) federal custody, subject to Subsection (a-1);

(B) [~~in~~] the custody of any state; [~~,~~] or

(C) [~~in~~] any county of this state.

(a-1) For purposes of Subsection (a)(2), the surety may not be relieved of the surety's undertaking if the accused is in federal custody to determine whether the accused is lawfully present in the United States.

ARTICLE 5. PROHIBITED CONDUCT BY SHERIFF OR CONSTABLE

SECTION 5.01. Section 87.031, Local Government Code, is amended by adding Subsection (c) to read as follows:

(c) For purposes of Subsection (a), "a misdemeanor involving official misconduct" includes a misdemeanor under Section 39.07, Penal Code.

SECTION 5.02. Chapter 39, Penal Code, is amended by adding

Section 39.07 to read as follows:

Sec. 39.07. FAILURE TO COMPLY WITH IMMIGRATION DETAINER REQUEST. (a) A person who is a sheriff, chief of police, or constable or a person who otherwise has primary authority for administering a jail commits an offense if the person:

(1) has custody of a person subject to an immigration detainer request issued by United States Immigration and Customs Enforcement; and

(2) knowingly fails to comply with the detainer request.

(b) An offense under this section is a Class A misdemeanor.

(c) It is an exception to the application of this section that the person who was subject to an immigration detainer request described by Subsection (a)(1) had provided proof that the person is a citizen of the United States or that the person has lawful immigration status in the United States, such as a Texas driver's license or similar government-issued identification.

ARTICLE 6. INQUIRY BY PEACE OFFICER REGARDING IMMIGRATION OR NATIONALITY OF CRIME VICTIM OR WITNESS

SECTION 6.01. Article 2.13, Code of Criminal Procedure, is amended by adding Subsections (d) and (e) to read as follows:

(d) Subject to Subsection (e), in the course of investigating an alleged criminal offense, a peace officer may inquire as to the nationality or immigration status of a victim of or witness to the offense only if the officer determines that the inquiry is necessary to:

(1) investigate the offense; or

(2) provide the victim or witness with information about federal visas designed to protect individuals providing assistance to law enforcement.

(e) Subsection (d) does not prevent a peace officer from:

(1) conducting a separate investigation of any other alleged criminal offense; or

(2) inquiring as to the nationality or immigration status of a victim of or witness to a criminal offense if the officer has probable cause to believe that the victim or witness has engaged in specific conduct constituting a separate criminal offense.

ARTICLE 7. SEVERABILITY AND EFFECTIVE DATE

SECTION 7.01. It is the intent of the legislature that every provision, section, subsection, sentence, clause, phrase, or word in this Act, and every application of the provisions in this Act to each person or entity, are severable from each other. If any application of any provision in this Act to any person, group of persons, or circumstances is found by a court to be invalid for any reason, the remaining applications of that provision to all other persons and circumstances shall be severed and may not be affected.

SECTION 7.02. This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution. If this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2017.

S.B. No. 4

President of the Senate

Speaker of the House

I hereby certify that S.B. No. 4 passed the Senate on February 8, 2017, by the following vote: Yeas 20, Nays 10; and that the Senate concurred in House amendments on May 3, 2017, by the following vote: Yeas 20, Nays 11.

Secretary of the Senate

I hereby certify that S.B. No. 4 passed the House, with amendments, on April 27, 2017, by the following vote: Yeas 94, Nays 53, one present not voting.

Chief Clerk of the House

Approved:

5-7-2017

Date

Governor

FILED IN THE OFFICE OF THE SECRETARY OF STATE
6:40pm O'CLOCK

MAY 07 2017

Secretary of State