# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

FILED
SEP 25 2017

No. 17-50762

5:17-cv-404-og

CITY OF EL CENIZO, TEXAS; RAUL L. REYES, Mayor, City of El Cenizo; TOM SCHMERBER, County Sheriff; MARIO A. HERNANDEZ, Maverick County Constable Pct. 3-1; LEAGUE OF UNITED LATIN AMERICAN CITIZENS; MAVERICK COUNTY; CITY OF EL PASO,

    Plaintiffs - Appellees

CITY OF AUSTIN, JUDGE SARAH ECKHARDT, in her Official Capacity as Travis County Judge; SHERIFF SALLY HERNANDEZ, in her Official Capacity as Travis County Sheriff; TRAVIS COUNTY; CITY OF DALLAS, TEXAS; TEXAS ASSOCIATION OF HISPANIC COUNTY JUDGES AND COUNTY COMMISSIONERS; THE CITY OF HOUSTON,

    Intervenors - Plaintiffs - Appellees

v.

STATE OF TEXAS; GREG ABBOTT, Governor of the State of Texas, in his Official Capacity, KEN PAXTON, Texas Attorney General,

    Defendants - Appellants

---

EL PASO COUNTY; RICHARD WILES, Sheriff of El Paso County, in his Official Capacity; TEXAS ORGANIZING PROJECT EDUCATION FUND; MOVE San Antonio,

    Plaintiffs - Appellees

v.

STATE OF TEXAS; GREG ABBOTT, Governor; KEN PAXTON, Attorney General; STEVE MCCRAW, Director of the Texas Department of Public Safety,

No. 17-50762

Defendants - Appellants

---

CITY OF SAN ANTONIO; BEXAR COUNTY, TEXAS; REY A. SALDANA, in his Official Capacity as San Antonio City Councilmember; TEXAS ASSOCIATION OF CHICANOS IN HIGHER EDUCATION; LA UNION DEL PUEBLO ENTERO, INCORPORATED; WORKERS DEFENSE PROJECT,

Plaintiffs - Appellees

CITY OF AUSTIN,

Intervenor Plaintiff - Appellee

v.

STATE OF TEXAS; KEN PAXTON, sued in his Official Capacity as Attorney General of Texas; GREG ABBOTT, sued in his Official Capacity as Governor of the State of Texas,

Defendants - Appellants

---

Appeal from the United States District Court for the
Western District of Texas, San Antonio

---

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:

On August 30, 2017, the District Court of the Western District of Texas entered a preliminary injunction blocking the implementation of five specific portions of a recent Texas state statute, which the parties refer to as SB 4, short hand for Senate Bill 4 from the 2017 legislative session.[1] The defendants,

---

[1] Act of May 3, 2017, 85th Leg., R.S., ch.4, 2017 Tex. Gen. Laws __.

2

Case 5:17-cv-00404-OLG Document 222 Filed 09/25/17 Page 3 of 6
Case: 17-50762 Document: 00514169005 Page: 3 Date Filed: 09/25/2017

No. 17-50762

which are the State of Texas as well as its governor and attorney general, have moved in this court for a stay of the injunction pending appeal. As our description of the motion indicates, a stay during the period in which this case is pending is all we consider in this ruling. The merits of the district court's order are for a different day and a different panel of this court. We further note this ruling does not foreclose any preemption or constitutional challenge to the law as interpreted and applied now that it is in effect. We GRANT a stay in part and DENY it in part.

The district court ordered that the defendants be enjoined from "implementing and enforcing the following provisions of SB 4":

> 1. The enforcement provision in Tex. Gov't Code § 752.053(b)(3) and any action (including but not limited to corrective, disciplinary, retaliatory, or punitive action) under § 752.055, 752.056, and 752.0565 arising therefrom;

> 2. The endorsement prohibition in Tex. Gov't Code § 752.053(a)(1), and any action (including but not limited to corrective, disciplinary, retaliatory, or punitive action) under § 752.055, 752.056, and 752.0565 arising therefrom;

> 3. The prohibition against adoption or enforcement of policies "that materially limit" the enforcement of immigration laws in Tex. Gov't Code § 752.053(a)(1), and any action (including but not limited to corrective, disciplinary, retaliatory, or punitive action) under § 752.055, 752.056, and 752.0565 arising therefrom;

> 4. The prohibition against a pattern or practice that "materially limits" the enforcement of immigration laws in Tex. Gov't Code § 752.053(a)(2), and any action (including but not limited to corrective, disciplinary, retaliatory, or punitive action) under § § 752.055, 752.056, and 752.0565 arising therefrom;

> 5. The requirement that law enforcement agencies "comply with, honor, and fulfill" any immigration detainer request issued by United States Immigration and Customs Enforcement, Tex. Code Crim. Proc. Art. 2.251(a)(1), and any action (including but not

Case 5:17-cv-00404-OLG Document 222 Filed 09/25/17 Page 4 of 6
Case: 17-50762 Document: 00514169005 Page: 4 Date Filed: 09/25/2017

No. 17-50762

limited to corrective, disciplinary, retaliatory, or punitive action) under Tex. Gov't Code § 752.055, 752.056, and 752.0565; Tex. Loc. Gov't Code § 87.03 1(c); and Tex. Penal Code § 39.07 arising therefrom.

The defendants seek a stay of each injunction. In deciding a motion to stay pending appeal, we consider these factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

We conclude that the defendants are likely to succeed on the merits of two of the claims as we subsequently discuss. As to those, we find no significant injury to the plaintiffs, but we do find irreparable injury to Texas: "When a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws." *Planned Parenthood*, 734 F.3d at 419 (citing *Maryland v. King*, 567 U.S. 1301, 1301 (2012) (Roberts, C.J.)). Finally as to public interest, we find that because the State is the appealing party, "its interest and harm merges with that of the public." *Id.* (citing *Nken*, 556 U.S. at 435).

Section 752.053(b)(3) provides that the local entities to which it is directed may "not prohibit or materially limit" persons who, in effect, have authority that may impact immigration, from "assisting or cooperating with a federal immigration officer as reasonable or necessary, including providing enforcement assistance[.]" Focusing on the second quoted section, we hold that nothing in *Arizona v. United States*, 567 U.S. 387 (2012), prohibits such assistance. We also hold that the statute on which the district court relied, 8 U.S.C. § 1357(g), provides for such assistance. Finding the defendants likely

Case 5:17-cv-00404-OLG   Document 222   Filed 09/25/17   Page 5 of 6
Case: 17-50762      Document: 00514169005      Page: 5      Date Filed: 09/25/2017

No. 17-50762

to succeed on this claim, we grant a stay of the first numbered injunction with one caveat. The defendants have acknowledged for purposes of the stay that "materially limits" may need clarifying as to what kinds of government actions would be improper limitations. The injunction remains in place for that phrase as it applies to Section 752.053(b)(3).

Section 752.053(a)(1) states that a local entity or campus police department may not "adopt, enforce, or endorse a policy under which the entity or department prohibits or materially limits the enforcement of immigration laws[.]" Our interpretation of the injunction is that only the word "endorse" was enjoined, and continuing in place was SB 4's prohibitions on adopting or enforcing such policies that prohibit the enforcement of these laws. The defendants have acknowledged that the term, "endorse," may be too broad and have therefore proposed qualifying interpretations and even recommended we enjoin only that word to rescue the rest. We accept that recommendation pending merits assessment and thus, here, too, we leave the injunction in place as to the operation of the word, "endorse."

The third and fourth numbered injunctions are both based on the presence of the phrase "materially limit," once as it appears in Section 752.053(a)(1), and secondly in Section 752.053(a)(2). Here, too, we conclude that the defendants have acknowledged that the reach of the word "limit" could be too expansive and have offered qualifying interpretations. We conclude that such interpretations are best left for the time when this court's ruling would have more finality. That time is to be set by the merits panel. We deny a stay as to the third and fourth numbered injunctions.

Finally, the district court enjoined Article 2.251(a)(1), which requires law enforcement agencies to "comply with, honor, and fulfill" any immigration detainer request issued by United States Immigration and Customs Enforcement ("ICE"). We stay that injunction. We note, however, that under

No. 17-50762

Article 2.251(b) law enforcement agencies need not comply with or fulfill a detainer request when a detainee "provide[s] proof" of lawful immigration status. Article 2.251(b) does not limit the permissible proof to the government identification listed as examples in the statute, as acknowledged by defendants before us at oral argument. Further, the "comply with, honor, and fulfill" requirement does not require detention pursuant to every ICE detainer request; rather, the "comply with, honor, and fulfill" provision mandates that local agencies cooperate according to existing ICE detainer practice and law.

As just described, the district court's injunction order is STAYED in part. The defendants' motion is otherwise DENIED.