FILED
APR 22 2019
CLERK U.S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CITY OF EL CENIZO, et. al. | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiffs | ) | 5:17-CV-404-OG |
| | ) | [Consolidated/lead case] |
| v. | ) | |
| | ) | |
| STATE OF TEXAS, et. al. | ) | |
| | ) | |
| Defendants | ) | |

**ORDER**

This case involves the constitutionality of Senate Bill 4, which relates to immigration enforcement by local governmental entities, imposes duties and liabilities on certain persons in the criminal justice system, provides civil penalties, and creates a criminal offense. SB 4 was passed by the 85th Texas legislature, signed into law on May 7, 2017, and became effective on September 1, 2017. The original complaint in this case was filed by the City of El Cenizo on or about May 8, 2017. Several other plaintiffs subsequently joined in the lawsuit by intervention or consolidation and the case moved expeditiously to the preliminary injunction stage. At that time, Plaintiffs asserted, *inter alia*, that SB 4, on its face and as applied, is preempted by federal law and violates the Supremacy Clause, the First Amendment, the Fourteenth Amendment, the Fourth Amendment, the Ninth Amendment, and the Tenth Amendment. They also asserted that SB 4 violates Section 2 of the Voting Rights Act and the Texas Constitution's separation of powers, due course of law, freedom of speech, and home rule provisions. As the Court noted in

1

its preliminary injunction order:

> Because SB 4 does not take effect until September 1, 2017, the Court has limited its analysis to those claims that may be construed as facial challenges. There are numerous claims that the court does not address, either because it is unnecessary to reach them or because they are "as applied" challenges. The Court's findings herein are preliminary, based on the "likelihood of success" standard, and may be revised at the merits stage of the litigation.

Docket no. 189, p. 5.

After an extensive review of the facts and the law, the Court entered a preliminary injunction enjoining some, but not all, of the law's provisions. Specifically, the Court enjoined the implementation and enforcement of the following provisions:

1. The enforcement provision in Tex. Gov't Code § 752.053(b)(3) and any action (including but not limited to corrective, disciplinary, retaliatory, or punitive action) under §§ 752.055, 752.056, and 752.0565 arising therefrom;

2. The endorsement prohibition in Tex. Gov't Code § 752.053(a)(1), and any action (including but not limited to corrective, disciplinary, retaliatory, or punitive action) under §§ 752.055, 752.056, and 752.0565 arising therefrom;

3. The prohibition against adoption or enforcement of policies "that materially limit" the enforcement of immigration laws in Tex. Gov't Code § 752.053(a)(1), and any action (including but not limited to corrective, disciplinary, retaliatory, or punitive action) under §§ 752.055, 752.056, and 752.0565 arising therefrom;

4. The prohibition against a pattern or practice that "materially limits" the enforcement of immigration laws in Tex. Gov't Code § 752.053(a)(2), and any action (including but not limited to corrective, disciplinary, retaliatory, or punitive action) under

§§ 752.055, 752.056, and 752.0565 arising therefrom;

5. The requirement that law enforcement agencies "comply with, honor, and fulfill" any immigration detainer request issued by United States Immigration and Customs Enforcement, Tex. Code Crim. Proc. Art. 2.251(a)(1), and any action (including but not limited to corrective, disciplinary, retaliatory, or punitive action) under Tex. Gov't Code §§ 752.055, 752.056, and 752.0565; Tex. Loc. Gov't Code § 87.031(c); and Tex. Penal Code § 39.07 arising therefrom.

Docket no. 189.

Again, this Court did not reach several claims, did not make findings on the constitutionality of the statute in its entirety, and did not enter a preliminary injunction enjoining enforcement of the statute in its entirety.

The State appealed the injunction, and Plaintiffs cross-appealed the Court's refusal to issue a broader injunction. After considering the issues on appeal, the Fifth Circuit determined "[w]ith one exception, SB4's provisions do not, on their face, violate the Constitution." Docket no. 238, p. 6. The Fifth Circuit further stated "we uphold the statute in its entirety except for the application of the 'endorsement' prohibition, Tex. Gov't Code 752.053(a)(1), to elected officials." *Id.* at p. 6. In the judgment, the Fifth Circuit affirmed in part this Court's preliminary injunction, vacated "in large part," and "remand[ed] with instructions to dismiss the vacated injunction provisions." Docket no. 238, p. 3.[1] With the other provisions now vacated, the injunction is limited to the endorsement prohibition in Tex. Gov't Code § 752.053(a)(1), and any

---

[1] The appeal was decided by a quorum (JONES and SMITH, Circuit Judges) because the third member of the panel had retired and "did not participate in [the] decision." *Id.*

action (including but not limited to corrective, disciplinary, retaliatory, or punitive action) under §§ 752.055, 752.056, and 752.0565 arising therefrom.

This Court received the Fifth Circuit's judgment and mandate in May 2018. Since that time, none of the parties have taken steps to proceed with this litigation. Therefore, the parties are ORDERED to confer and file within 30 days the following:

1. A written advisory (joint or sole) stating each claim or defense set forth in their live pleading(s) that they still intend to pursue and any claim or defense that they are no longer pursuing as a result of the Fifth Circuit's ruling. If any party decides to voluntarily dismiss all or some of their claims, they need to simultaneously file a motion to dismiss those claims.

2. A proposed scheduling order to control future deadlines and set a trial date. The parties are instructed to submit a joint proposed scheduling order, if possible. If they are unable to reach an agreement, each side may file a proposed scheduling order with a brief written advisory stating why they could not agree and the Court will determine the deadlines.

If any party does not participate in this process (conferring and submitting the necessary documents to get this case moving), their claims may be dismissed for want of prosecution and failure to comply with the Court's orders.

It is so ORDERED this _____ day of April, 2019.

_____
ORLANDO L. GARCIA
CHIEF U.S. DISTRICT JUDGE