UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CITY OF EL CENIZO, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 5:17-CV-404-OG |
| | § | [Consolidated/Lead Case] |
| STATE OF TEXAS, *et al.*, | § | |
| Defendants. | § | |

### **DEFENDANTS' MOTION TO DISMISS CITY OF AUSTIN'S FIRST AMENDED COMPLAINT**

Plaintiff City of Austin ("the City") brings a free-speech challenge to SB 4's "endorse" provision against the State of Texas, Governor Greg Abbott, and Attorney General Ken Paxton (collectively, "Defendants"). *See* City of Austin's First Am. Compl. in Intervention ("FAC"), ECF 273. The City's claim fails for several reasons.

First, the City, like all other municipalities, cannot sue its parent State (or State officials) for constitutional violations. Second, the City cannot bring a claim against the State of Texas because of sovereign immunity and because the State is not a proper defendant under § 1983. Third, because the Governor is not tasked with enforcing SB 4, he is not a proper defendant under *Ex parte Young*, and the City lacks standing to sue him.

For these reasons, this Court should dismiss the City's claim.

### STANDARD OF REVIEW

Under Rule 12(b)(1), "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, the City, as "[t]he party invoking federal jurisdiction[,] bears the burden of establishing the[] elements" of Article III standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The City also bears the "burden to prove that sovereign immunity does not apply."

*Hall v. Tex. Comm'n on Law Enf't*, 685 F. App'x 337, 340 (5th Cir. 2017); *see also Hull v. Whitaker*, No. 5:19-cv-26-OLG-RBF, 2019 WL 2288458, at *6 & n.9 (W.D. Tex. May 29, 2019), *report and recommendation adopted*, ECF 81 (July 31, 2019).

Under Rule 12(b)(6), a court must dismiss all or part of a complaint when it fails to state a claim upon which relief can be granted. A question of law is properly resolved via Rule 12(b)(6). And when deciding such a motion, a court "need not resolve unclear questions of law in favor of the plaintiff." *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 470 (5th Cir. 2004) (quoting *Kansa Reinsurance. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

## ARGUMENT

**I.  The City Cannot Bring a Free-Speech Claim against Defendants**

Cities cannot sue their States for alleged violations of constitutional rights. Such claims fail for lack of jurisdiction and on the merits.

First, the City lacks standing, so this Court lacks jurisdiction. "Being but creatures of the State, municipal corporations have no standing to invoke the contract clause or the provisions of the Fourteenth Amendment of the Constitution in opposition to the will of their creator." *Coleman v. Miller*, 307 U.S. 433, 441 (1939); *see also Town of Ball v. Rapides Par. Police Jury*, 746 F.2d 1049, 1052 (5th Cir. 1984).[1] "The parties have not identified, and this court has not found, a single case in which the Supreme Court or a court of appeals has allowed a political subdivision to sue its parent state under a substantive provision of the Constitution." *City of Hugo v. Nichols*, 656 F.3d 1251, 1257 (10th Cir. 2011) (finding a lack of subject-matter jurisdiction). This case should be dismissed for lack of standing because "political subdivisions of a state may not challenge the validity of a state statute in federal

---

[1] The City necessarily relies on the Fourteenth Amendment for the proposition that the First Amendment is incorporated against the States. *See Catholic Leadership Coal. of Tex. v. Reisman*, 764 F.3d 409, 414 n.1 (5th Cir. 2014).

2

court." *Okanogan Sch. Dist. #105 v. Superintendent of Pub. Instruction for State of Wash.*, 291 F.3d 1161, 1163 (9th Cir. 2002).

Second, the City's claim fails on the merits. Binding precedent makes clear that the City does not have First Amendment rights. *See Harris v. Angelina Cty.*, 31 F.3d 331, 339 (5th Cir. 1994) ("[P]olitical subdivisions lack Fourteenth Amendment or other constitutional rights against the creating state.").

The City, like all political subdivisions, "is a subordinate unit of government created by the State to carry out delegated governmental functions." *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 363 (2009). It therefore "has no privileges or immunities under the federal constitution which it may invoke in opposition to the will of its creator." *See id.* (quoting *Williams v. Mayor & City Council of Baltimore*, 289 U.S. 36, 40 (1933)); *see also City of Trenton v. New Jersey*, 262 U.S. 182, 188 (1923); *Hunter v. City of Pittsburg*, 207 U.S. 161, 178–79 (1907).

In particular, the City lacks free speech rights, and its First Amendment claim should be dismissed. *See Ysursa*, 555 U.S. at 363 (rejecting a free-speech claim); *City of Alpine v. Abbot*, 730 F. Supp. 2d 630, 633–34 (W.D. Tex. 2010) (holding "the Plaintiff Cities have no First Amendment freedom of speech rights"). When the State controls the expression of one of its "subordinate unit[s]," it is simply controlling its own expression. *Ysursa*, 555 U.S. at 363–64. And the State "is not restrained by the First Amendment from controlling its own expression." *Pleasant Grove City v. Summum*, 555 U.S. 460, 467 (2009) (quoting *Columbia Broad. Sys., Inc. v. Democratic Nat'l Comm.*, 412 U.S. 94, 139 n.7 (1973) (Stewart, J., concurring)); *Muir v. Ala. Educ. Television Comm'n*, 688 F.2d 1033, 1038 (5th Cir. 1982) (en banc) (same). After all, "[t]he Free Speech Clause restricts government regulation of private speech; it does not regulate government speech." *Summum*, 555 U.S. at 467.

"[M]unicipal corporations have repeatedly been denied the right to challenge state legislation allegedly violative of the Federal Constitution," *City of Safety Harbor v. Birchfield*, 529 F.2d 1251, 1254

(5th Cir. 1976), and this case is no exception. The Court should dismiss the City's claim against the State of Texas.

It should also dismiss the claims against the other Defendants. "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Thus, the City cannot sue the Governor or the Attorney General, in their official capacities, for the same reasons it cannot sue the State itself.

## II. The State of Texas and the Governor Are Not Proper Defendants.

The arguments above justify dismissing this case in full. But there are additional, independent reasons the City cannot sue the State of Texas and the Governor.

### A. The State Enjoys Sovereign Immunity and Is Not A "Person" Capable of Being Sued under § 1983

Sovereign immunity bars this suit against the State of Texas. "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.*

Here, the State of Texas has not waived sovereign immunity, and Congress has not abrogated it. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (reaffirming that § 1983 did not abrogate state sovereign immunity). The City does not contend otherwise.

While *Ex parte Young* allows some suits against State officials, it does not allow suits against the State itself. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit."); *Ex parte Young*, 209 U.S. 123, 159–60 (1908) (holding that a state official can be "stripped of his official or representative character" but not suggesting a state itself could be sued); 17A Wright & Miller, Federal Practice & Procedure § 4232 (3d

ed. 2019) ("Even where the *Young* doctrine permits injunctive relief against state officers, an injunction cannot run against the state itself.").

Moreover, the State of Texas is not subject to § 1983 suits because it is not a "person" capable of being sued within the meaning of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Although "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983," the State itself is not. *Id.* at 71 n.10. Thus, the City cannot sue the State of Texas under § 1983 at all.

### B. Because the Governor does not enforce SB 4, the *Ex parte Young* exception does not apply, and the City lacks standing

Finally, the City cannot sue Governor Abbott because he does not enforce SB 4.

Sovereign immunity bars Plaintiffs' claims. "[T]he principle of state-sovereign immunity generally precludes actions against state officers in their official capacities, subject to an established exception: the *Ex parte Young* doctrine." *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (citation omitted). Thus, the City's claim fails unless it fits the *Ex parte Young* exception.

*Ex parte Young* "rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes. The doctrine is limited to that precise situation . . . ." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (citation omitted). As a consequence, *Ex parte Young* applies only when the defendant enforces the challenged statute. *See Ex parte Young*, 209 U.S. at 157 ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party."); *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) ("The required connection is not merely the general duty to see that the laws of the state are

5

implemented, but the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." (quotations omitted)).

As the Fifth Circuit explained just last month, even when a government official "has the authority to enforce" a challenged statute, a plaintiff still must show the official "is likely to do [so] here." *City of Austin v. Paxton*, 943 F.3d 993, 1001–02 (5th Cir. 2019). Without evidence of likely enforcement, the government official "lacks the requisite connection to the enforcement of" the challenged law. *Id.* at 1002 (quotations omitted).

This case follows *a fortiori* from *City of Austin*. The Governor does not enforce SB 4 at all, much less is he "likely to" do so. *City of Austin*, 943 F.3d at 1002. SB 4 expressly provides for enforcement by the Attorney General, not the Governor. *See* Tex. Gov't Code § 752.055, .0565(b). The City's focus on the Governor's role in *enacting* SB 4 is irrelevant. FAC ¶¶ 12–13, 16. The City also notes that Governor Abbott is "the chief executive officer of the State of Texas and is responsible for the conduct of Texas agencies, officials, and personnel." FAC ¶ 7. But general titles and oversight are not sufficient if they do not provide enforcement authority for the law being challenged. *Cf. City of Austin v. Paxton*, 325 F. Supp. 3d 749, 755 (W.D. Tex. 2018) (relying on the Attorney General's status as "the chief law enforcement officer of the state"), *rev'd*, 943 F.3d at 1002 (giving no weight to that title).

Moreover, the City lacks standing to sue the Governor because its alleged injury is not traceable to the Governor's actions or redressable by relief against the Governor. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Because the Governor does not enforce SB 4, the City's allegations that SB 4 causes its injuries cannot establish traceability to the Governor. *See Okpalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001) (en banc) (dismissing for lack of standing and explaining that courts should not "confuse[] the statute's immediate coercive effect on the plaintiffs with any coercive effect that might be applied by the defendants"); *City of Austin*, 943 F.3d at 1003 (finding that it was

"unlikely the City had standing" to sue a state official who was not likely to enforce the challenged statute). As above, "courts have declined to find traceability based solely on" the Governor's "general duty to uphold the laws." *Inclusive Communities Project, Inc. v. Abbott*, No. 3:17-cv-0440, 2018 WL 2415034, at *6 (N.D. Tex. May 29, 2018). "[O]therwise, a government official could be sued by any party seeking to challenge any state law." *Id.*

For similar reasons, the City's purported injuries are not redressable. Relief against the Governor would not accomplish anything because he does not enforce SB 4 anyway. *See Okpalobi*, 244 F.3d at 426–27.

For these additional reasons, the City's claim against the Governor should be dismissed.

## CONCLUSION

Defendants respectfully request that the Court dismiss the City's First Amended Complaint in Intervention.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

PATRICK K. SWEETEN
Associate Deputy for Special Litigation

/s/ William T. Thompson
WILLIAM T. THOMPSON
Texas Bar No. 24088531
Special Counsel for Civil Litigation
will.thompson@oag.texas.gov

ADAM ARTHUR BIGGS
Texas Bar No. 24077727
Special Litigation Counsel
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
adam.biggs@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on the 13th day of January, 2020, via the electronic case filing system with the Court causing electronic service upon all counsel of record.

/s/ William T. Thompson
WILLIAM T. THOMPSON